SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682

Attorneys for Plaintiff
MICHAEL PAULICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAULICK<br><br>    Plaintiff,<br>V.<br><br>STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; INTRAWEST NAPA DEVELOPMENT COMPANY, LLC; INTRAWEST NAPA RIVERBEND HOSPITALITY MANAGEMENT, LLC; INTRAWEST CALIFORNIA HOLDINGS, INC.; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C 10-01919 JCS<br><u>Civil Rights</u><br><br>**STIPULATION, DECLARATION, AND [PROPOSED] ORDER FOR ENLARGEMENT OF TIME TO CONDUCT GENERAL ORDER 56 "MEET AND CONFER"**<br><br>**(Local Rule 6-2)** |

Stipulation, Declaration and [Proposed ]Order
For Enlargement Of Time To Conduct General
Order 56 "Meet And Confer"

# STIPULATION

Plaintiff, by and through his attorney, and Defendants, by and through their attorneys, stipulate to an extension of time from August 20, 2010 to September 6, 2010 to conduct the "meet and confer" required by the Court's Scheduling Order and by paragraph 4 of General Order 56.

The parties further stipulate that this Stipulation may be signed in counterparts and that facsimile or electronically transmitted signatures shall be as valid and binding as original signatures.

It is so stipulated.

Date: 8/13/10　　　　　　　　　　Sidney J. Cohen
　　　　　　　　　　　　　　　　　Professional Corporation

　　　　　　　　　　　　　　　　　/s/ Sidney J. Cohen
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Sidney J. Cohen
　　　　　　　　　　　　　　　　　Attorney for Plaintiff Richard Skaff

Date: 8/11/10　　　　　　　　　　Liebersbach, Mohun, Carney & Reed

　　　　　　　　　　　　　　　　　/s/ Gerald F. Mohun
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Gerald F. Mohun
　　　　　　　　　　　　　　　　　Attorneys for All Defendants

# DECLARATION OF SIDNEY J. COHEN

I, Sidney J. Cohen, declare:

1. I am counsel for Plaintiff in this action. I am an attorney in good standing and licensed to practice in the courts of California, in the United States District Courts for the Northern, Eastern, and Central Districts, in the United States Court of Appeals for the Ninth Circuit, and in the United States Supreme Court. If called upon to testify, I would testify as follows:

2. Pursuant to the court's Scheduling Order in the case and General

Order 56, the parties held their joint site inspection on August 6, 2010.

3. Unless otherwise permitted by the court, the parties must hold their "meet and confer" by no later than August 20, 2010.

4. Based on the following, the August 20,2010 date does not provide sufficient time for the parties to hold a meaningful "meet and confer":

A. Plaintiff's expert consultant, Peter Margen, will prepare a detailed Report setting forth 1) each of the alleged barriers to access that he discovered at the five hour joint site inspection of the 180 room Verasa hotel which is the subject of the action, 2) each of the California Building Code (CBC) and Americans With Disabilities Act Administrative Guidelines (ADAAG) requirements for each alleged barrier, and 3) the corrective work alleged to be required to bring each barrier into compliance with the CBC and ADAAG.

B. Mr. Margen is in Los Angeles, California during the week of August 9 through 13 on other business matters, including but not limited to depositions, and is not available to work on the Report during that time frame.

C. Mr. Margen estimates that he will be able to prepare and complete his Report by on or about August 20, 2010.

D. Upon completion, Mr. Margen's Report will be transmitted Defendants' counsel for consideration and review so that Defendants can fulfill the requirement set forth in paragraph 4 of General Order 56 to specify, for each claimed violation, whether Defendants are willing to undertake the requested corrective action or have an alternate proposal and, if Defendants claim any proposed corrective action is not readily achievable or other wise is not required by law, to specify the factual basis for the claim.

5. Based on paragraph 4A-D, supra, the parties need an extension of time to on or about September 6, 2010 to conduct a meaningful and productive

1  "meet and confer" session.

2      6. With the exception of extending the August 20, 2010 "meet and
3  confer" date, granting the requested extension will not effect any other
4  deadlines.

5      7. There have been no previous modifications in the case by
6  Stipulation or Court Order which have altered court ordered deadlines.

7      I declare under penalty of perjury that the foregoing is true and correct.

8      Executed this 10th day of August, 2010 at Oakland, California.

9                         /s/ Sidney J. Cohen
                        Sidney J. Cohen

## ORDER

Having considered the parties Stipulation and the supporting Declaration, and for good cause shown, the court extends the date by which the parties must conduct the General order 56 "meet and confer" from August 20, 2010 to September 6, 2010.

**IT IS SO ORDERED.**

**Date:** 8/23/10



Joseph C. Spero
United States Magistrate Judge

Stipulation, Declaration and [Proposed ]Order
For Enlargement Of Time To Conduct General
Order 56 "Meet And Confer"

-3-